David Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
5041 N. Rainbow Blvd.
Las Vegas, Nevada 89130
Phone: (702) 880-5554
FAX: (702) 967-6665
Email: dkrieger@hainesandkrieger.com
*Attorney for Plaintiffs*

## IN THE UNITED STATES DISCTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Larry Newby and Carol Newby,<br><br>Plaintiffs,<br><br>v.<br><br>PERFORMANT RECOVERIES, INC.<br>F/K/A Diversified Collection Services, Inc.;<br>and DOES 1-10, inclusive,<br><br>Defendant. | Case No.<br><br>COMPLAINT |

For this Complaint, the Plaintiffs, Larry and Carol Newby, by undersigned counsel, state as follows:

### JURISDICTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the harassment of Plaintiffs by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. §1367.

3. Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. §1391(b), as Defendant transacts business in the State of Nevada.

### PARTIES

4. The Plaintiff, Larry Newby is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. §1692a(3). Plaintiff was also over the age of sixty (60) at the time of the complained of acts by Defendant which gave rise to this action.

5. The Plaintiff, Carol Newby is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. §1692a(3). Plaintiff was also over the age of sixty (60) at the time of the complained of acts by Defendant which gave rise to this action.

6. Defendant Performant Recoveries, Inc. formerly known as Diversified Collection Services, Inc. ("DCS"), is a California business entity with an address of 333 North Canyons Parkway, Suite 100, Livermore, California, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. §1692a(6).

7. Does 1-10 (the "Collectors") are individual collectors employed by DCS and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. DCS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

9. A financial obligation (the "Debt") was allegedly incurred to a creditor (the "Creditor").

10. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. §1692a(5).

11. The Debt was purchased, assigned or transferred to DCS for collection, or DCS was employed by the Creditor or other assignee of Creditor to collect the Debt.

12. The Defendants attempted to collect the Debt and, as such, engaged in "communications"

as defined in 15 U.S.C. §1692a(2).

**B. <u>DCS Engages in Harassment and Abusive Tactics</u>**

<u>FACTS</u>

13. Within the last year, DCS contacted Plaintiffs in an attempt to collect the Debt.

14. On or about March 27, 2012 at approximately 9:00 a.m., DCS placed a phone call to Plaintiffs' neighbor in an attempt to collect a debt.

15. The DCS representative failed to identify herself as required pursuant to 15 U.S.C. §1692b(1).

16. During this phone call, the DCS representative stated that DCS was attempting to contact the Plaintiffs and that it was "extremely important that we [DCS] speak with the Newbys" as soon as possible.

17. Based on DCS's representations, the Plaintiffs' neighbor immediately rushed out of his home with his telephone and knocked on the Plaintiffs' door, to convey DCS's "urgent" message to the Plaintiffs.

18. Plaintiff answered the door and saw her neighbor was in a state of extreme concern.

19. The Plaintiffs' neighbor then stated to Mrs. Newby that he had a person on his phone who stated had "something very important to discuss" with the Plaintiffs.

20. While this shocked and startled the Plaintiff, she answered her neighbor's phone and was greeted by a DCS representative who then attempted to collect the Debt.

21. This ruse caused the Plaintiffs to suffer severe emotional strain and violated 15 U.S.C. §1692e(10). DCS' illegal attempt to collect the alleged debt further resulted in Mrs. Newby's hospitalization.

### C. **Plaintiff Suffered Actual Damages**

22. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

23. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA -15 U.S.C. § 1692, et seq.

24. The Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants' conduct violated 15 U.S.C. §1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive or misleading representations in means to collect a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants used false and/or deceptive means to collect a debt or obtain information about a consumer.

28. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to provide the "mini Miranda" warning as required under this provision.

29. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. Each Plaintiff is entitled to damages as a result of Defendants' violations.

32. The Plaintiffs have been required to retain the undersigned as counsel to protect their legal rights to prosecute this cause of action, and are therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II
## HARASSMENT

33. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The Defendants, through the course of conduct identified herein, have harassed, badgered, annoyed, and worried the Plaintiffs regarding the claim, in an intentional and/or negligent manner.

35. The Plaintiffs have been required to retain the undersigned as counsel to protect their legal rights to prosecute this cause of action, and are therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT III
## (Against All Defendants For Violations of NRS 41.1395)

36. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Plaintiff Larry Newby is an "older or vulnerable" persons as defined by NRS 41.1395.

38. Plaintiff Carol Newby is an "older or vulnerable" persons as defined by NRS 41.1395

39. DCS caused each of the Plaintiffs to suffer injuries as a result of DCS' illegal conduct.

40. DCS's actions were willful and unjustified and resulting in causing injuries and metal anguish on each of the Plaintiffs.

41. As a direct and proximate result of the Defendants' wrongful conduct, Plaintiffs suffered damages.

**PRAYER FOR RELIEF WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendants awarding the Plaintiffs:

1. Actual damages including, but not limited to, the emotional distress the Plaintiffs have suffered (and continue to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations;

2. Two times any actual damages pursuant to NRS 41.1395;

3. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) for each Plaintiff;

4. Punitive damages; and

5. Such other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 29, 2013

                                Respectfully submitted,

                                <u>/s/ David Krieger, Esq.</u>
                                David Krieger, Esq.
                                Nevada Bar No. 9086
                                HAINES & KRIEGER, LLC
                                5041 N. Rainbow Blvd.
                                Las Vegas, Nevada 89130
                                *Counsel for Plaintiff*